IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANA LYNN GILLESPIE, | ) |
| | ) Civil Action No. 08 - 689 |
| Plaintiff, | ) |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| v. | ) |
| | ) |
| COLONIAL LIFE & ACCIDENT | ) Doc. No. 19 |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION FOR RECONSIDERATION AND MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL

On April 9, 2009, Plaintiff filed a Motion for Reconsideration of the Court's Order and Opinion dated March 30, 2009 or, in the alternative, a Motion to Certify the March 30, 2009 Order for Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b) (Doc. 19) on the issue of whether Plaintiff has been deprived of a remedy as a result of her inability to afford arbitration and/or make a record concerning her inability to afford arbitration. The Order dated March 30, 2009 (Doc. 18) denied Defendant's motion to dismiss, compelled arbitration, and stayed the proceedings pending the outcome of arbitration. Defendant filed a Response to Plaintiff's Motion for Reconsideration/Certification for Appeal (Doc. 20) on April 22, 2009.

The court of appeals has instructed that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted). Moreover, evidence that is not newly discovered may not be submitted in support of a motion for reconsideration. *Id.* at 909 (citing *DeLong Corp. v. Raymond Int'l Inc.*, 622 F.2d 1135, 1139-40 (3d Cir. 1980)). Therefore, motions

for reconsideration will be granted only where a party demonstrates: "(1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises." *D'Angio v. Borough of Nescopeck,* 56 F.Supp. 2d 502, 504 (M.D.Pa. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). Granting a motion for reconsideration is an extraordinary remedy, and therefore, is done sparingly. *Id.* at 504 (citing *NL Indus. v. Commercial Union Ins.,* 935 F.Supp. 513 (D.N.J. 1996) (other citation omitted)).

In support of her motion for reconsideration, Plaintiff argues that the Court should have informed her that it intended to treat Defendant's motion to dismiss as a motion to compel arbitration, which is analyzed under the summary judgment standard and would have clearly indicated to Plaintiff that she needed to submit evidence regarding her financial inability to afford arbitration, or else the Court might enter an order compelling arbitration. Plaintiff further contends that if the Court is going to treat a Rule 12(b)(6) motion as a summary judgment motion, then it is required to give clear notice and invitation to consider countervailing evidence, citing in support *Rose v. Bartle,* 871 F.2d 331, 342 (3d Cir. 1989). In response, Defendant maintains that while the motion docketed at Doc. No. 6 is entitled "Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)," Plaintiff was nonetheless aware that the alternative relief sought by Defendant was an order compelling arbitration and indeed, Plaintiff argued against compelling arbitration in both her original response to the motion to dismiss, as well as in the supplemental brief filed after oral argument. In addition, Defendant points out that not only was the alternative relief of compelling arbitration raised at oral argument, but the Court asked the parties to provide supplemental briefing on the issue of "[w]hether the district court can/should rule on the technical issues (statute of limitations,

2

exhaustion of remedies) prior to ruling on the request to compel arbitration[.]" (Doc. 14 at 2.)

Plaintiff has not pointed to an intervening change in the law, nor has she asserted that new evidence not previously available has emerged.[1] However, in light of the court of appeals decision in *Rose v. Bartle*, the Court will grant Plaintiff's motion for reconsideration. The Court believes it was clear from oral argument and the briefs submitted thereafter that Defendant was requesting, in the alternative, that the Court compel arbitration, and Plaintiff was aware of such request. However, in light of the fact that procedurally, the motion to dismiss filed at Doc. No. 6 did not expressly include, in the alternative, a motion to compel, the Court will grant Plaintiff's motion for reconsideration.

**AND NOW**, in consideration of Plaintiff's Motion for Reconsideration or Motion to Certify for Interlocutory Appeal (Doc. 19):

**IT IS HEREBY ORDERED** this 28th day of April, 2009, that Plaintiff's Motion for Reconsideration is **GRANTED**. On or before May 18, 2009, Plaintiff shall file any affidavits or other evidence[2] in support of Plaintiff's financial inability to afford AAA arbitration and/or a brief in opposition to the alternative motion to compel arbitration. Defendant shall have twenty (20) days thereafter to file a responsive brief and/or any affidavits or other evidence in reply to Plaintiff's opposition to its alternative motion to compel arbitration.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Certify for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) is **DENIED AS MOOT**.

---

[1] For this reason, Plaintiff's affidavit attached to her motion for reconsideration has not been considered in ruling on the motion for reconsideration.

[2] Since it appears that Plaintiff likely possesses the information necessary to establish a financial inability to afford AAA arbitration, the Court sees no reason to allow Plaintiff's request for discovery at this time.

3

LISA PUPO LENIHAN
United States Magistrate Judge

cc: All Counsel of record
*Via Electronic Mail*